COMMONWEALTH vs. ROBERT G. DOLAN.

Middlesex.    March 6, 1967. — April 27, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Search and Seizure.*

There was no search of a trailer where a police officer and others went to premises on which the trailer was located and merely observed and photographed the serial number of the trailer on its underside.

THREE INDICTMENTS found and returned on December 10, 1965.

The cases were tried in the Superior Court before *Beaudreau, J.*

*Robert A. Stanziani,* for the defendant, submitted a brief.

*Ruth I. Abrams,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J.    The defendant was convicted on three indictments charging him with (1) the concealing of a stolen motor vehicle, (2) the buying, receiving or aiding in the concealment of a Fruehauf trailer knowing it to have been stolen, and (3) the buying, receiving or aiding in the concealment of a Trailmobile trailer knowing it to have been stolen.    The case was tried under the provisions of G. L. c. 278, §§ 33A–33G and is here on appeal.

Although the defendant filed five assignments of error the argument in his brief, except for a meager reference to the exclusion of certain testimony, is directed to what he states was the refusal of the "trial judge . . . to allow the defendant to file his proposed motion to suppress because the vehicle in question was stolen and the real estate upon which the vehicle was located was not his."

We summarize the pertinent testimony in relation to the motion to suppress.    Lieutenant Collins of the Somerville police following a conversation with the defendant visited the premises of the Granite Research Laboratories (Gran-

ite). Granite was a customer of the defendant and was using the Fruehauf trailer for storage. He was accompanied by Joseph McDonald, a special agent for the National Automobile Theft Bureau, Richard Daley and Herbert L. Burr, investigators for the Registry of Motor Vehicles. They "obtained the serial number from the underpart of the flat-body [of the] trailer." The "vehicle identification number" had been removed. The number was observed on the "strike plate" of the trailer, which is "the part where the tractor backs into and hooks onto" the trailer. The strike plate was photographed and the photographs were introduced in evidence. Other photographs were introduced which showed the trailer standing in an open lot on the premises of Granite.

1. The judge denied the defendant's motion to suppress on two grounds. First, the trailer was on the property of a third party. Second, the defendant's title to the trailer was in dispute. In effect, the judge ruled that the defendant, for those reasons, did not have standing to raise the issue of the legality of the search.

We assume, without deciding, that the judge should have considered the merits of the defendant's claim of an unreasonable search and seizure. However there is adequate evidence in the record to show that no "search" took place. There is no evidence as to whether the police went on the premises of Granite with or without permission. But even if they were trespassers the evidence they obtained was not thereby rendered inadmissible. *United States* v. *Romano,* 330 F. 2d 566, 569 (2d Cir.), cert. den. 380 U. S. 942; *United States* v. *Lewis,* 227 F. Supp. 433, 436 (S. D. N. Y.). The evidence shows that the "search" consisted of inspecting the underside of the trailer and noting the serial number found there. No "entry" was made. Indeed, from the photographs of the flatbed trailer it appears no entry was possible. Such an inspection of the surface of the vehicle is not a search.

2. The defendant also contends that "the trial judge should have permitted the defendant to impeach the credi-

bility of the commonwealth's chief witness by showing through independent proof that his testimony was incorrect.'' That statement, plus two citations, is the extent of the defendant's contention on this point and can scarcely be considered an argument. We are satisfied that the judge did not exceed his sound discretion in limiting the cross-examination. *Commonwealth* v. *Makarewicz,* 333 Mass. 575, 593. *Commonwealth* v. *Palladino,* 346 Mass. 720, 723. To the contrary, we believe that the judge permitted the defendant considerable latitude in his cross-examination of the Commonwealth's witnesses.

*Judgments affirmed.*