COMMONWEALTH *vs.* SAMUEL M. CAZE.

Norfolk. November 3, 1997. - December 18, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Evidence,* Admissions and confessions. *Practice, Criminal,* Admissions and confessions, Capital case.

At a criminal trial, any error in the admission in evidence of the defendant's confession, which the defendant sought to exclude by reason of police officers' intentional deprivation of the defendant's right to make a telephone call pursuant to G. L. c. 276, § 33A, was harmless, where that confession was cumulative of other confessions the defendant had made and where there was overwhelming independent evidence to support his conviction. [311-312]

INDICTMENTS found and returned in the Superior Court Department on January 3, 1994.

A pretrial motion to suppress evidence was heard by *Barbara A. Dortch-Okara,* J., and the cases were tried before her.

*Roger A. Cox* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

IRELAND, J. The defendant, Samuel M. Caze, was convicted of attempted armed robbery and first degree felony-murder after a trial by jury. On appeal, the defendant claims that a confession he made to the police should have been excluded from evidence because the police failed to inform him of his statutory right to use a telephone. G. L. c. 276, § 33A. We also consider the entire record pursuant to our obligation under G. L. c. 278, § 33E. We conclude that the evidence obtained from the defendant's confession was merely cumulative. Therefore, even if admission of the confession in evidence was error, it did not affect the verdicts. In addition, our examination of the record reveals no basis for exercising our statutory power to order a new trial or direct the entry of a verdict of a lesser degree of guilt. Thus, we affirm the convictions.

The facts relevant to this appeal are essentially as follows. Derrick Jones, a friend of the defendant, testified that on or about January 28, 1993, the defendant told him that he spoke with Demetrius Salley about committing "an act of crime towards" a McDonald's restaurant located on Route 1A in Walpole. The defendant also mentioned to his then girl friend, Kiet Chandler, that he was thinking of robbing the McDonald's restaurant.

The defendant applied for a job at the McDonald's in May 1993, began working the closing shift on May 19, and quit on May 21. While he was employed there, he learned where the safe was located and how to gain access to the building from the rear. The clean-up and closing employees would routinely prop open the back door while they took out the trash at night.

A few days after the defendant quit his job at McDonald's, he spoke to Elizaire Dennis. Dennis knew both the defendant and Salley from high school. The defendant told Dennis that he was going to rob McDonald's because he needed money. He also told Dennis that he and Salley planned to enter late at night, after closing, wearing masks. He also told Dennis that he would have a gun.[1]

Late in the evening on May 31, the victim propped open the back door and took the trash out. The defendant and Salley, both wearing masks, were hiding in the area. Salley, who was armed with a gun, grabbed the victim. After a brief struggle, Salley shot the victim in the shoulder. After hearing the shots, the defendant claimed that he turned, jumped over a fence, and ran home. The victim bled to death within one hour.

The defendant was arrested on January 3, 1994, and taken to an interrogation room at the Walpole police station. Once there, he was advised of his Miranda rights and signed a waiver. The officers could not remember advising the defendant of his statutory right to use a telephone, and he did not ask to make a telephone call. Over the next several hours, the defendant confessed to having committed the robbery. Before trial, the defendant moved to suppress the confession. His motion was denied after an evidentiary hearing.[2]

The defendant made a number of incriminating statements to

---

[1]Dennis recalled that he had at some point seen the defendant with "an old .380."

[2]The defendant points out that, during the evidentiary hearing, the judge did not mention the failure of the police officers to tell the defendant that he had a

several witnesses after the incident. Jones testified that the defendant told him that "somebody got seriously hurt, and he didn't know what [Salley] was going to do," and that somebody tried to be a hero. Dennis testified that the defendant told him, "[T]hings went wrong. Things didn't go like they were supposed to," and that "the other dude panicked and stuff and he got shot." He also told Dennis that he was not the shooter. The defendant was convicted of attempted robbery and first degree felony-murder on March 10, 1995.

1. *Suppression of the defendant's confession.* The defendant argues that, because he was not informed forthwith on his arrival at the police station that he had a right to use the telephone, as required by G. L. c. 276, § 33A, his statements to the police should have been suppressed. He claims that the police officers' failure to inform him was intentional because the officers who questioned him were very experienced and well aware of his right under the statute. In addition, he asserts that there was a deliberate plan by the officers to keep him psychologically intimidated and without emotional support as evidenced by the length of the interrogation, his isolation, and the fact that he was handcuffed.

Evidence obtained as a result of an "intentional deprivation of a defendant's right to make a telephone call pursuant to G. L. c. 276, § 33A, should be suppressed." *Commonwealth* v. *Johnson*, 422 Mass. 420, 429 (1996). See *Commonwealth* v. *Jones*, 362 Mass. 497, 502-503 (1972). The statute provides that "[t]he police official in charge of the station . . . shall permit the use of the telephone . . . for the purpose of allowing the arrested person to communicate with his family or friends, or to arrange for release on bail, or to engage the services of an attorney. Any such person shall be informed forthwith upon his arrival at such station . . . of his right to so use the telephone, and such use shall be permitted within one hour thereafter."

---

statutory right to use a telephone. The judge stated: "The motion to suppress is denied. I find that the defendant was given fully his Miranda rights before questioning, and he understood those rights."

"The evidence indicates that there was no coercion, [and] that the atmosphere was not oppressive. There is nothing to indicate that the defendant was intoxicated or under the influence of alcohol or drugs at the time of questioning. There is no evidence that he was fearful, there is no evidence of any mental disability, or any trickery by the police. Therefore, I find beyond a reasonable doubt that he made a knowing, voluntary, and intelligent waiver of his Miranda rights, and his statements will be admitted."

G. L. c. 276, § 33A. The purpose of suppressing the evidence is to "make the legislation effective in the absence of an express penalty for a violation." *Commonwealth* v. *Johnson, supra* at 429. This rule has not been extended to situations where the police officer's failure to inform was unintentional. *Id.* See *Commonwealth* v. *Parker*, 402 Mass. 333, 341 (1988), *S.C.*, 412 Mass. 353 (1992), and 420 Mass. 242 (1995); *Commonwealth* v. *Bradshaw*, 385 Mass. 244, 266 (1982); *Commonwealth* v. *Meehan*, 377 Mass. 552, 567-568 (1979), cert. dismissed, 445 U.S. 39 (1980).

In this case, we need not determine whether the deprivation by the police was intentional or not, because it makes no difference. Even if we assume that it was intentional, and determine that the confession should have been suppressed, there is substantial other inculpatory evidence demonstrating the defendant's guilt. See, e.g., *Commonwealth* v. *Semedo*, 422 Mass. 716, 728 (1996); *Commonwealth* v. *Judge*, 420 Mass. 433, 451 (1995); *Commonwealth* v. *Palladino*, 346 Mass. 720, 722-723 (1964). The defendant gave detailed accounts to several witnesses before the incident that he was planning to rob the McDonald's. After the incident, he told several witnesses that he had been involved in the attempted robbery. The defendant's confession to the police added no new material facts to admissions he made to others. Therefore, admission of the confession in evidence was cumulative and did not affect the outcome of the case. *Id.* We reach this conclusion only because there was overwhelming evidence independent of the defendant's confession to convict him of the crimes charged. Had this independent evidence not existed, the defendant's claim of a G. L. c. 276, § 33A, violation would have in all likelihood led to the suppression of the confession and resulted in a new trial.

2. *Review under G. L. c. 278, § 33E.* We have examined the entire record and conclude that the interests of justice do not require ordering a new trial or directing the entry of a verdict of a lesser degree of guilt.

*Judgments affirmed.*