**UNITED STATES of America, Appellee,**

v.

**Anthony T. BALZANO, Defendant, Appellant.**

**No. 81–1822.**

United States Court of Appeals, First Circuit.

Submitted May 7, 1982.
Decided Aug. 27, 1982.

Anthony R. Berretto, Bristol, R. I., on brief for defendant, appellant.

James E. O'Neil, Asst. U. S. Atty., and Lincoln C. Almond, U. S. Atty., Providence, R. I., on motion for summary disposition for appellee.

Before COFFIN, Chief Judge, and BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Anthony Balzano appeals from his conviction on two counts for the sale of "slugs" in violation of 18 U.S.C. §§ 491(b), 2. He argues that his conviction should be reversed because the district court permitted the government to play for the jury a copy of a tape, containing statements appellant made to an undercover agent, rather than the original tape.

The original tape was recorded on a Nigra tape recorder which was strapped to the undercover agent's body. The Nigra recorder had no capacity for audio replay. Therefore, the government transferred the contents of the Nigra tape to a Sony cassette, but because of the nature of the equipment, the original Nigra tape was erased in the process. The government knew at the time it made the copy that the original would be erased. At trial appellant objected to the introduction of the tape on the ground that it is not the original tape, and that the loss of the original was not inadvertent. The district court, after an extensive voir dire of the undercover agent and the United States Secret Service agent who placed the equipment on the undercover agent, found that the government had presented "prima facie evidence of regularity" and that "there is some guarantee of authenticity," and allowed a portion of the tape to be played for the jury. The court left it to appellant to show that the recording was not the original.

On appeal, appellant cites Rules 1002, 1003, and 1004 of the Federal Rules of Evidence and argues that the tape should not have been admitted because "[a] genuine question is raised as to the authenticity of the original" since "no one ever heard the original tape." Rule 1003 provides:

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Appellant claims that the district court should not have admitted the tape because the court had no clear and convincing evidence of the accuracy of the tape. We disagree. The court had extensive testimony from the government's participants as to the mechanics of the original recording and the transcription, and the substance of the conversation during which appellant made the statements. Moreover, other than eliciting testimony that the tape was not the original, appellant presented no evidence

**8**

which raised any question as to the authenticity of the original. "[T]he government made out a prima facie case, by clear and convincing evidence, that the tape[ ] [was] what it said. . . . [T]he tape[ ] [is] not inadmissible merely because 'one can conjure up hypothetical possibilities that tampering occurred.'" *United States v. Cortellesso,* 663 F.2d 361, 364 (1st Cir. 1981) (citations omitted).

Appellant further argues that the tape should not be admitted under F.R.Evid. 1004 because the original was not inadvertently erased but was deliberately erased. However, Rule 1004 provides that originals are not required if they are lost or destroyed, unless "the proponent lost or destroyed them in bad faith." Appellant makes no allegation of bad faith here, nor can we see any basis for such an allegation. The district court did not abuse its discretion in admitting the tape.

*Affirmed.*