COMMONWEALTH *vs.* GEORGE CARPENTER. April 23, 1986. *Search and Seizure,* Affidavit, Electronic surveillance. *Practice, Criminal,* Disclosure of identity of informer, Grand jury proceedings, Speedy trial, Duplicitous charges. *Grand Jury. Evidence,* Tape recording. *Eavesdropping.*

After a jury trial in the Superior Court, the defendant was convicted of registering bets and being present where gaming apparatus was found, both violations of G. L. c. 271, § 17, and the illegal use of a telephone for gaming purposes, a violation of G. L. c. 271, § 17A. The Commonwealth's case consisted chiefly of wiretap evidence, gambling paraphernalia obtained as a result of a search, and related testimony from police witnesses. The defendant advances five arguments to support his claim of reversible error. We affirm the conviction.

1. Before trial the defendant moved for disclosure of the identity of the alleged confidential informant referred to in a State trooper's affidavit on the basis of which the wiretap and search warrants were issued. In his motion, unsupported by an affidavit, the defendant asserted that the State trooper had fabricated the existence of the informant. The motion was denied. Later, but still before trial, the motion was renewed on the basis of the intervening indictment of the State trooper in connection with an unrelated offense. Again the motion was denied. In essence, the motions were based upon the claim that the State trooper had made a deliberate misrepresentation in his affidavit as to the existence of the informant.

If a defendant makes a proper preliminary showing that materially false statements appeared in a warrant affidavit which were made intentionally or with a reckless disregard of the truth, then he is entitled to pursue the matter at an evidentiary hearing. See *Franks* v. *Delaware,* 438 U.S. 154, 155-156 (1978); *Commonwealth* v. *Nine Hundred & Ninety-two Dollars,* 383 Mass. 764, 769 (1981); *Commonwealth* v. *Douzanis,* 384 Mass. 434, 437, 443 (1981). Here there was an insufficient showing that the trooper's statements relating to the existence of the informant were false. See *Com-*

*monwealth* v. *Douzanis,* 384 Mass. at 439; *Commonwealth* v. *Abdelnour,* 11 Mass. App. Ct. 531, 536 (1981). That the trooper had been indicted for a completely unrelated felony (in this instance theft of cocaine) of course creates some doubt about his general credibility, particularly in light of his subsequent conviction. In our view, however, that generalized cloud on the affiant's honesty does not rise to the level of the preliminary showing required to compel a *Franks*-type hearing. Moreover, the defendant never requested an evidentiary hearing. He sought only the disclosure of the informant's identity. The privilege of the Commonwealth not to disclose the identity of an informer, while not absolute, serves a worthwhile purpose and merits respect to the extent consistent with fairness to the defendant. See *Commonwealth* v. *Douzanis,* 384 Mass. at 441. The judge as a discretionary matter could have conducted a preliminary hearing at which the affiant would have been asked questions which did not seek the informant's identity, or the judge could have pursued the matter further in an in-camera hearing. The record does not reveal that the defendant made any request for either type of hearing. In any event, we do not view the defendant's bare assertions of fabrication, even considered along with the trooper's criminality, a sufficient basis for requiring the judge to conduct such proceedings.

2. On the basis of stipulated facts, the defendant moved to dismiss the indictments on double jeopardy grounds. His claim was that gaming charges prosecuted in the District Court before the present indictments were handed up were prosecutions for the same offense as those charged in the indictments because repeated gaming activities constitute a continuing offense. Since the separate charges involved multiple transactions which occurred months apart, there was no error in the denial of the motion. See *Commonwealth* v. *Gurney,* 13 Mass. App. Ct. 391 (1982). Contrast *Commonwealth* v. *Donovan,* 395 Mass. 20, 28-31 (1985).

3. At two points in the grand jury minutes there is an indication that the prosecutor sought to go "off the record." The defendant having filed a motion for discovery, the court held an evidentiary hearing to determine what had transpired during the off-the-record discussions. According to testimony from the court reporter who had taken the testimony at the grand jury hearing, one of the off-the-record discussions was in fact entirely recorded on a tape which was made available to the parties and the judge at the motion hearing. The prosecutor who had presented the case to the grand jury stated that the other off-the-record discussion related to the method of presenting the content of certain interrupted conversations to the grand jury. The context in which the off-the-record discussion took place tends to support the prosecutor's version. The judge, apparently concluding that no substantive evidence was taken during the off-the-record discussions, denied a motion to dismiss the indictments. See *Commonwealth* v. *Qualter,* 19 Mass. App. Ct. 970, 971 (1985).

The departure from the mandatory reporting requirements of Rule 63 of the Superior Court (1974) was acknowledged by the prosecutor at the eviden-

tiary hearing and at the oral argument on appeal to have been a mistake. We agree that it was a mistake scrupulously to be avoided in the future. If matters could be presented off-the-record to a grand jury, prejudicial evidence could unfairly influence the grand jurors in a defendant's disfavor, or potentially exulpatory evidence could unfairly be kept from the defendant. Moreover, a defendant inevitably is at a disadvantage in attempting to show prejudice in such a situation as neither he nor his attorney is present at the grand jury proceedings, and the prosecutor, and possibly also the stenographer, are employees of the district attorney and have interests adverse to the defendant's.

We are not convinced that the departure in this case resulted in an injustice to the defendant, however. In light of the testimony and explanation given at the hearing on the motion to dismiss, it seems to us extremely unlikely that relevant statements were made to the grand jurors which do not appear in the minutes. The denial of the motion to dismiss, therefore, was not error.

4. The defendant's speedy trial claim on appeal is based solely upon the assertion that the prosecutor improperly manipulated the trial list so that the case would be continued long enough for the Commonwealth to comply with the requirement of G. L. c. 272, § 99(O) (2), that the wiretap tapes be made available to the defendant more than thirty days before trial. The argument lacks merit. Whether to continue the trial from June 5, 1984, when not all of the tapes had been produced, to September 14, 1984, when the defendant had been in possession of the tapes for more than thirty days, was a matter within the judge's discretion. The purpose of the statutory notice requirement is to assure that a defendant knows the content of the intercepted conversations sufficiently in advance of trial so that he may adequately prepare his defense; the purpose is not unreasonably to prevent the prosecution of cases dependent on wiretap evidence.

5. The defendant objected at trial to the introduction of any tape other than the original reel-to-reel tape filed in the office of the Administrative Justice of the Superior Court pursuant to G. L. c. 272, § 99(N) (1). On the basis of evidence presented at a voir dire, the trial judge found that the cassette tape offered by the Commonwealth was "authentic" and "that no changes, additions or deletions [had] been made in the recording" of the intercepted conversations. On appeal, the defendant bases his claim of error on the contention that the statute requires that only the original reel-to-reel tapes be used. General Laws c. 272, § 99(N) (1), permits the original tape to be transferred to a trial court and, presumably, to be used as evidence. Nothing in G. L. c. 272, § 99(N) or (O), prevents the use of properly authenticated copies of the original tapes, however. See Liacos, Massachusetts Evidence 405 (5th ed. 1981 & Supp. 1985). The provision in those sections for the custody and secrecy of the tapes serves to protect a prospective defendant against tampering, whether the originals are actually used at trial or not. The defendant has at no time claimed that there is any

discrepancy between the material on the tapes admitted in evidence and the originals on file. See *United States* v. *Balzano,* 687 F.2d 6, 8 (1st Cir. 1982).

*Judgments affirmed.*

*Michael P. Mack* for the defendant.

*Robert P. Snell,* Assistant District Attorney, for the Commonwealth.