COMMONWEALTH *vs.* KENNETH E. BUZZELL. No. 98-P-2363. April 25, 2000. *Dog. Nuisance.*

Sometimes a dog's bark can be as bad as its bite. Thus, G. L. c. 140, § 157, as amended by St. 1985, c. 455, authorizes selectmen of a town to determine that a dog "is a nuisance by reason of . . . excessive barking" and to "make such order concerning . . . the disposal of such dog as may be deemed necessary." The selectmen of Phillipston issued an order on April 5, 1993, directing the defendant Buzzell, a breeder of dogs, to remove his dogs because they barked too much. That order Buzzell challenged in District Court, as was his right under § 157, but without success. Three years later, in 1996, dogs were still on Buzzell's premises — and barking. Failure to comply with a removal order is a criminal offense under the last sentence of the first paragraph of § 157. Under that provision, the Commonwealth brought proceedings against Buzzell charging him with sixteen violations of the dog removal order. The Commonwealth's complaint was tried in District Court to a jury of six, which returned verdicts of guilty on all sixteen counts. The trial judge imposed sixteen thirty-day sentences in a house of correction, to be served consecutively.

1. *Required finding of not guilty.* Buzzell's principal claim of error is that he was entitled to a required finding of not guilty — for which he timely moved — because the Commonwealth had failed to prove that at least one of the dogs present on the defendant's property on the date of the removal order, April 5, 1993, was still present and barking during the period, March, 1996, through September, 1996, that the sixteen counts in the complaint encompass. One might have thought that point disposed of in *Commonwealth* v. *Ferreri*, 30 Mass. App. Ct. 966 (1991), a similar case, in which we wrote, "It was not incumbent upon the Commonwealth to show that the dogs in the defendant's possession on the dates of the complaints were identical in being and number to the dogs which were the subject of the removal order." *Id.* at 968. The answer to the defendant's "at least one identical dog" argument is that G. L. c. 140, § 157, as explicated in the *Ferreri* case, recognizes the fungibility of barking dogs. The mischief to be corrected is excessive barking and whether the source of the barking on the premises is Fang or Fido is not of the essence. Had the defendant kept a quiet dog on his premises after the removal order, the case might stand differently.

2. *Multiple convictions.* On appeal, the Commonwealth correctly concedes that Buzzell failed to comply with only one order, and that it was error to convict him of sixteen offenses. Violation over a period of time of a nuisance statute such as G. L. c. 140, § 157, constitutes a continuing offense, not

multiple offenses. *Wells* v. *Commonwealth*, 12 Gray 326, 328-329 (1859). Cf. *Carpenter* v. *Texaco, Inc.*, 419 Mass. 581, 583 n.4 (1995). When the Legislature intends that each day that a violation continues shall count as a separate offense, it expressly so provides. See, e.g., G. L. c. 131, § 40, par. 32.

3. *Conclusion.* We affirm the conviction on the first count charged under G. L. c. 140, § 157, and remand to the District Court for (1) dismissal of the remaining fifteen counts of the complaint against the defendant; and (2) vacating of all but one of the thirty-day sentences.

*So ordered.*

*Matthew S. Robinowitz* for the defendant.

*Susanne Levsen*, Assistant District Attorney, for the Commonwealth.