COMMONWEALTH vs. NICHOLAS J. DOUZANIS
(and two companion cases[1]).

Plymouth. May 6, 1981. — August 21, 1981.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Search and Seizure,* Affidavit. *Practice, Criminal,* Dismissal, Disclosure of identity of informer.

An order dismissing indictments because of the Commonwealth's refusal to disclose information which it claimed would have revealed the identity of a confidential informant on whom a police officer relied in preparing an affidavit in support of a search warrant was vacated and the case remanded for further consideration where the defendants had failed to make a substantial preliminary showing that the affiant had intentionally or recklessly misstated any fact in the affidavit which would have required such disclosure orders and where the record was insufficient to permit a determination whether the orders were based on some independent justification. [436-443].

INDICTMENTS found and returned in the Superior Court Department on March 1, 1979.

Motions to dismiss were heard by *Taveira, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Rosemary Ford,* Assistant District Attorney, for the Commonwealth.

*Brownlow M. Speer* for Kathy M. Smart.

*Kevin J. Reddington* for Nicholas J. Douzanis.

WILKINS, J. A judge dismissed indictments against three defendants because the Commonwealth declined to disclose information that would have revealed the identity of a con-

---

[1] Commonwealth vs. Kathy M. Smart, and Commonwealth vs. Steven B. Van Dyke.

fidential informant on whom a police officer purportedly relied in preparing an affidavit in support of a search warrant. The Commonwealth appeals from the dismissal of those of the indictments which charged the defendants with the commission of certain felonies defined in the Controlled Substances Act (G. L. c. 94C). We conclude that, on the inadequate record before us, the allowance of the motions to dismiss was not warranted, and we remand the cases for further consideration in light of this opinion.

On May 31, 1979, when the motions to dismiss were allowed, the Commonwealth could not properly appeal from the dismissal of indictments charging misdemeanors, and thus the question of the propriety of the dismissal of certain indictments charging the defendants with misdemeanors in violation of the Controlled Substances Act is not before us.[2]

At the heart of these appeals is the judge's allowance of a motion, treated as applicable to all defendants, requiring the Commonwealth to disclose (1) whether a confidential informant was used in "any phase of the preparation and presentation of the case" or "in the obtaining of any search warrant relative hereto," (2) the dates, times and locations of any meetings at which the defendant and the informant were present, and (3) copies of all written or oral statements (presumably of the informant).[3] The disclosure motion was filed in conjunction with motions to suppress evidence

---

[2] Under G. L. c. 278, § 28E, as amended through St. 1972, c. 740, § 16, the Commonwealth could appeal the allowance of a motion to dismiss an indictment only in a felony case. The Commonwealth's right to appeal from the allowance of a motion dismissing a misdemeanor indictment was inserted by St. 1979, c. 344, § 45, amending G. L. c. 278, § 28E, effective July 1, 1979 (St. 1979, c. 344, § 51), and by Mass. R. Crim. P. 15 (b) (1), 378 Mass. 883, also effective on July 1, 1979.

[3] There is no claim here that the informant was in any way an observer of, or participant in, the possessory crimes which allegedly occurred. The defendants do not claim that the informant would be of assistance to them in their defense of the crimes charged. Any need for the disclosure of the informant's identity and for his testimony was limited to the defendants' challenges to the search conducted pursuant to the warrant.

seized on January 22, 1979, at 35 Tremont Street, Brockton, pursuant to a search warrant. The Commonwealth declined to provide the information pursuant to the disclosure motion on the ground that providing that information would in effect reveal the identity of the confidential informant.[4]

There is no question that a judge may in his discretion order discovery of information necessary to the defense of a criminal case (Mass. R. Crim. P. 14 [a] [2], 378 Mass. 874 [1979]), and that, on failure of the Commonwealth to comply with a lawful discovery order, the judge may impose appropriate sanctions, which may include dismissal of the criminal charge (Mass. R. Crim. P. 14 [c] [1], 378 Mass. 880 [1979]). The Commonwealth, however, challenges the lawfulness of the allowance of the disclosure motion which underlies the allowance of the motions to dismiss.[5]

Our consideraton of this case is greatly hampered by the absence of a transcript of the hearing on May 11, 1979, at which the disclosure motion was allowed. A diligent attempt to obtain a transcript of that hearing or, alternatively, to reconstruct what transpired at that hearing has failed. Counsel have agreed that "their appellate contentions and arguments could be adequately pursued based on the avail-

---

[4] The affidavit in support of the issuance of the search warrant itself disclosed that a confidential informant provided information concerning the presence of drugs at 35 Tremont Street.

On the record before us, we conclude that the disclosure of the dates, times, and locations of all meetings between the defendant (or defendants) and the informant and the furnishing of copies of all written and oral statements made by the informant would in effect identify the informant. On remand, the judge may consider whether full or partial disclosure of the demanded information would in fact reveal the informant's identity. Consideration of this question may require an in camera disclosure of certain information to the judge.

[5] The Commonwealth is entitled to challenge before us the dismissal of the indictment on the ground that the disclosure order was not lawful. Although the Commonwealth might have sought discretionary relief from a single justice of this court as to the disclosure order (see G. L. c. 211, § 3), the Commonwealth did not lose its right to challenge the disclosure order when the indictments were dismissed for failure to comply with it.

able record." As will be seen, we do not agree fully with this conclusion of the parties because the record neither clearly supports the entry of the disclosure order, nor clearly demonstrates that the judge exceeded his authority in entering it. We have no findings from the judge which might explain his reason for requiring disclosure of the informant's identity.[6] As noted earlier, we shall remand the cases for further consideration of the question whether the indictments should be dismissed. The balance of this opinion will demonstrate why the record is insufficient for us to pass on the propriety of the dismissal of the indictments and will discuss considerations which may be relevant in further proceedings in this case.

It is clear that the defendants were contending that the affidavit in support of the search warrant contained misstatements of fact. In *Franks* v. *Delaware*, 438 U.S. 154, 155-156 (1978), the Supreme Court of the United States held that a criminal defendant may challenge the truthfulness of factual statements made in an affidavit supporting the issuance of a search warrant. Under the principles of the *Franks* opinion, the false statements must be material to the finding of probable cause, and, to entitle the defendant to a hearing on his motion to suppress the evidence seized pursuant to the warrant, the defendant must make a substantial preliminary showing that the affiant made a false statement knowingly and intentionally or with reckless disregard for the truth. *Id.* We have recently considered the question of a criminal defendant's right to a hearing on the question of false statements allegedly contained in an affidavit in support of a search warrant. *Commonwealth* v. *Nine Hundred & Ninety-two Dollars, ante* 764 (1981).[7] We think it

---

[6] Because the disclosure motion was a preliminary matter and the judge's reasons may have appeared in the course of the May 11, 1979, hearing, we do not suggest by this comment that findings should have been made.

[7] In that opinion, which came down after argument in this case, we suggested that in certain circumstances the Constitution of the Common-

is clear that a showing of factual errors in an affidavit with respect to information furnished to the affiant by an informant is, generally, not alone sufficient to require the holding of a *Franks*-type hearing. See *id.* at 774-775.

The defendants on the record before us did not make an adequate showing, so as to require a hearing, that the affidavit contained a misstatement by the affiant made knowingly and intentionally or with reckless disregard for the truth. We set forth in the margin the significant portions of the affidavit in support of the search warrant.[8] A large quantity of drugs and drug-related paraphernalia were seized on January 22, 1979, pursuant to the warrant. The defendant Van Dyke filed an affidavit in support of his motion to suppress. The other defendants filed motions to suppress the evidence obtained pursuant to the warrant or for disclosure of the informant's identity. The Commonwealth does not argue that any of the three defendants lacks stand-

---

wealth might impose a stricter standard on the police than does the *Franks* opinion. *Commonwealth* v. *Nine Hundred & Ninety-two Dollars, supra* at 768 (1981).

[8] "On Monday, January 22, 1979, I had conversation with a reliable, confidential informant. This informant has proven his reliability in the past by supplying to me information that has led to the arrest and conviction of two (2) persons. These arrests and convictions were drug-related. The arrests were made in Brockton, Massachusetts, and the convictions were in Brockton District Court. On January 22, 1979, the aforementioned informant related to me that on January 21, 1979, he had been with an acquaintance at 35 Tremont Street, Brockton, Massachusetts, the first floor apartment. The informant related to observing a white male known as 'Steve' sell his acquaintance a quantity of red capsules.

"On January 22, 1979, I proceeded with the afore-mentioned informant to Tremont Street, Brockton, Massachusetts. I conducted a search of the informant and determined he had no contraband in his possession. I gave the informant twenty dollars ($20.00) in American currency. I observed the informant enter 35 Tremont Street, Brockton, Massachusetts. Approximately five (5) minutes later, I observed the informant exit 35 Tremont Street, Brockton, Massachusetts, after which he joined me. The informant handed me ten (10) red capsules. The informant related that he had just purchased these capsules from the suspect known as 'Steve' in the first floor apartment at 35 Tremont Street, Brockton, Massachusetts. The informant related that Steve stated to him, 'If you need any more, come back 'cuz I have got a lot of pharmaceuticals.'"

ing to challenge the validity of the search. Stripped of its conclusory statements, such as the assertion that the information in the affidavit was based on "utter lies," Van Dyke's affidavit stated that: "January 21, 1979, was Super Bowl Sunday and I was not home but rather at a public lounge in West Bridgewater and have never sold red capsules as alleged." We do not read the asssertion that Van Dyke was in a lounge on January 21 as adequately accounting for his activities during all the hours of that day. It does assert that Van Dyke did not sell the red capsules, as alleged. There is no assertion, however, that the police officer who signed the affidavit lied. There may be an implied assertion either that the informant never reported what was attributed to him in the affidavit or that there was no informant at all. Neither this court nor the Supreme Court of the United States has held that a *Franks*-type hearing must be held on the bare assertion that the affiant fabricated an informant's report or the very existence of an informant. If a naked claim of this type were to be an adequate basis for requiring a hearing on the veracity of an affiant's statements, such a hearing could be required in every case simply by advancing the claim. Something more must be presented in order to require the holding of a *Franks*-type hearing.

Although the defendants did not make a sufficient showing to require the holding of a *Franks*-type hearing as a matter of constitutional right, we have acknowledged the right of a trial judge, in his discretion, "to hold a hearing merely on a showing that an affidavit contained misstatements of fact, particularly material misstatements." *Commonwealth* v. *Nine Hundred & Ninety-two Dollars, supra* at 775 n.12. The defendants only make the argument that, on Van Dyke's affidavit, a *Franks*-type hearing was constitutionally compelled, a position we reject. We cannot tell why the judge allowed the disclosure motion. He may have felt constitutionally compelled to hold a *Franks*-type hearing and viewed disclosure as an appropriate accompaniment. On the other hand, he may have ordered disclosure to aid the defendants in attempting to make the substantial show-

ing necessary constitutionally to require a *Franks*-type hearing, or perhaps he did so simply to aid in his consideration of whether to exercise his discretionary powers to hold such a hearing. In any event, a judge would not abuse his discretion in deciding to hold (or at least to consider the possibility of holding) a *Franks*-type hearing where, as here, a defendant under oath on the basis of personal knowledge challenges the truth of material statements attributed to the informant, and he also asserts, as may be the case here, that the informant did not report what was attributed to him in the affidavit or that there could have been no informant at all. We shall assume, perhaps contrary to fact, that the judge determined in his discretion to hold a *Franks*-type hearing or at least to allow discovery to the defendants in preparation for argument on whether such a hearing should be held.

Although a judge may decide to hold a discretionary *Franks*-type hearing, a separate question arises as to his right to require disclosure of an informant's identity. The Supreme Court implied in its *Franks* opinion that no disclosure would be required at least until a substantial preliminary showing were made, and perhaps not even then.[9] A restrictive rule requiring a substantial preliminary

---

[9] The Court said: "And because we are faced today with only the question of the integrity of the affiant's representations as to his own activities, we need not decide, and we in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made. *McCray* v. *Illinois*, 386 U.S. 300 (1967), the Court's earlier disquisition in this area, concluded only that the Due Process Clause of the Fourteenth Amendment did not require the State to expose an informant's identity routinely, upon a defendant's mere demand, when there was ample evidence in the probable-cause hearing to show that the informant was reliable and his information credible." *Franks* v. *Delaware*, 438 U.S. 154, 170 (1978).

This statement suggests that the question of disclosure of the identity of an informant is not involved where it is only the integrity of the affiant's representations as to his own activities that is challenged. This statement fails to acknowledge that an affiant's representation of having spoken with an informant involves the affiant's own activities. See 2 W.R. LaFave, Search and Seizure § 4.4, at 71 (1978).

showing before a judge could order disclosure would in many cases effectively foreclose a defendant from challenging the very existence of the informant and hence the very existence of probable cause.

The question whether a judge may require the government to identify an informant in the course of considering a defendant's claim that the affidavit contains intentional or reckless misstatements is a serious one. This is particularly so when the preliminary, substantial showing required by the *Franks* case and by *Commonwealth* v. *Nine Hundred & Ninety-two Dollars* has not been made. The government's privilege not to disclose the identity of an informant has long been recognized in this Commonwealth. *Worthington* v. *Scribner*, 109 Mass. 487, 488 (1872). See *Commonwealth* v. *Swenson*, 368 Mass. 268, 276-277 (1975); *Commonwealth* v. *Ennis*, 1 Mass. App. Ct. 499, 501-502 (1973). That privilege serves a substantial, worthwhile purpose in assisting the police in obtaining evidence of criminal activity. The privilege, which is not absolute, should be respected as far as reasonably possible consistent with fairness to a defendant. See *Commonwealth* v. *Johnson*, 365 Mass. 534, 544-545 (1974), quoting from *Roviaro* v. *United States*, 353 U.S. 53, 60-61 (1957).

The conflict between the government's interest in protection of the informant and a defendant's interest in proving that the affiant lied concerning either the existence of an informant or what the informant said may be resolved by the judge conducting a preliminary hearing at which the affiant testifies but without revealing the informant's identity. Further, if it appears necessary, the judge may hold an in camera hearing in which he questions the affiant further, and, if he deems it appropriate, the informant himself. The use of an in camera procedure has been recognized in this Commonwealth,[10] by other courts,[11] and by commenta-

---

[10] See *Commonwealth* v. *Abdelnour*, 11 Mass. App. Ct. 531, 536 n.5 (1981).

[11] Cases are collected in the footnote in the *Abdelnour* case cited immediately above, n.10. See the particularly sensitive analysis of the mat-

tors.[12] It is incorporated in the Uniform Rules of Evidence and in the proposed Rules of Evidence for this Commonwealth.[13] Where a defendant, "by affidavit, [makes] a substantial preliminary showing . . . that, on a material matter at least, the affiant (or other police officer) did not do, say, or hear what is represented in the affidavit" (*Commonwealth* v. *Nine Hundred & Ninety-two Dollars, supra* at 775 n.13), or where "the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible" (Proposed Mass. R. Evid. 509 [c] [3]), the judge may conduct such an in camera pro-

---

ter of an in camera disclosure in *United States* v. *Brian,* 507 F. Supp. 761, 763-767 (D.R.I. 1981).

[12] See 1 W.R. LaFave, Search and Seizure § 3.3, at 582-586 (1978); Grano, A Dilemma for Defense Counsel: Spinelli-Harris Search Warrants and the Possibility of Police Perjury, 1971 U. Ill. L.F. 405, 445-447; Note, *Franks* v. *Delaware:* A Proposed interpretation and Application, 1980 U. Ill. L.F. 601, 620-624; Comment, The Outwardly Sufficient Search Warrant Affidavit: What if it's False?, 19 U.C.L.A. L. Rev. 96, 137-139 (1971). See also ALI Model Code of Pre-Arraignment Procedure § SS 290.4 (Proposed Official Draft, 1975).

[13] See Uniform Rules of Evidence Rule 509, 13 U.L.A. at 262-263 (Master ed. 1980), and Proposed Massachusetts Rules of Evidence, Rule 509. Proposed Massachusetts rule 509 recognizes the traditional discretion a trial judge has regarding disclosure of the identity of an informant where a fair determination of guilt or innocence requires it. However, as to challenges to the seizure of evidence, if a judge "is not satisfied that the information was received from an informer reasonably believed to be reliable or credible," he may require disclosure of the identity of an informant only in camera if the prosecution so requests. See Proposed Mass. R. Evid. § 509 (c) (3). This appears to express a limitation on the substantial discretion accorded a trial judge's determination to order disclosure in a suppression proceeding. See *McCray* v. *Illinois,* 386 U.S. 300, 308 (1967).

Proposed Massachusetts rule 509 (c) (3) does not face the question of the disclosure of the informant's identity where, after an in camera (and perhaps other) proceeding, the judge concludes that the defendant challenging the seizure of evidence in fairness should have the opportunity to question the informant. In such a case, presumably, the Commonwealth has the option of making disclosure or accepting dismissal of the charges.

Although Proposed Mass. R. Evid 509 (c) (3) states that no counsel shall be present at an in camera proceeding, we think the judge in his discretion may permit the prosecutor to be present.

ceeding. However, in the absence of a substantial preliminary showing by a defendant that there is an intentional or reckless misstatement in the affidavit, we would not require such an in camera proceeding as a matter of constitutional right.[14] Nor do we think that the judge may require a disclosure of the identity of an informant, except in an in camera proceeding, without some reason apparent on the record (and preferably in findings).

Applying these principles to the case before us, and acknowledging the incompleteness of the record, we reach the following conclusions. There was no substantial, preliminary showing that the affiant intentionally or recklessly misstated any fact in the affidavit. A *Franks*-type hearing was not constitutionally mandated. The judge could, nevertheless, determine in his discretion to hold a *Franks*-type hearing and could enter disclosure orders either in anticipation of that hearing or in aid of his determination whether to hold a hearing. Absent a demonstration of an independent justification for disclosure, however, no disclosure order should have been entered, in the face of the Commonwealth's objection, at least until an in camera hearing had been held. On this record, we cannot determine whether there was any independent justification for disclosure.

We, therefore, vacate the order allowing the defendants' motions to dismiss the felony indictments pending against them and remand the cases for further consideration in light of this opinion. The orders allowing motions concerning the informant are also vacated. The motions to suppress and the motions for disclosure of information concerning the informant may be considered anew.

*So ordered.*

---

[14] It must be recalled that we are not dealing here with the question of a defendant's guilt. In fact, the very purpose of a motion to suppress is to keep from the trier of fact evidence that is probative of the defendant's guilt and is often indispensible to the proof of the case against the defendant. A line, practical in application, must be drawn somewhere.