Doerfer, J.
The defendant stands indicted of First Degree Murder. He moves to suppress statements he gave to law enforcement officers on November 20, 1998 while in police custody. The evidence indicates that the statements were made voluntarily and not made in violation of Miranda v. Arizona, 384 Mass. 436 (1966), Edwards v. Arizona, 451 U.S. 477 (1981). However, defendant’s rights under G.L.c. 276, §33A were violated. Thus, the defendant’s motion to suppress the statements is allowed.
FINDINGS OF FACT
The court has considered the exhibits introduced and testimony of the witnesses presented at the hearing on this matter and finds the following facts:
The police were investigating the homicide of one Alexander Colon arising out of a shooting which occurred on March 31, 1998.
*462 On April 10, 1998 they received information from one suspect named Lujuan Melton that the defendant Donald Averett was involved in the shooting.
Later that day the police interviewed Averett at the Plymouth County House of Correction. He was advised of his Miranda rights and executed a written waiver of those rights. Averett admitted he was familiar with a female named “Bronx” who was connected to the incident. When asked if he was at her house at the time of the shooting he invoked his right to counsel and refused to speak further.
Averett admitted at the hearing in this matter that he was familiar with his rights and knew that he did not have to speak with the police if he didn’t want to.
During the summer of 1998 Averett was indicted in this matter. He was arrested on Main Street in Brockton on the indictment warrant on November 20, 1998 by Paul Coleman of the Brockton Police. He was brought to the Brockton police station at about 9:15 where Trooper L’italien, who was the state trooper in charge of the murder investigation, was waiting along with Detective Mark Reardon of the Brockton Police. He was not immediately booked or advised of his rights under G.L.c. 276, 33A of his right to use a telephone.
Instead he was taken to an interview room. I find however, that Averett was fully informed of his Miranda rights at 9:17 P.M. and signed a written form, Exhibit 1, acknowledging this fact. He fully understood his rights at that time and decided to speak to the two interviewers.
Averett’s claim is that he was not in fact advised of his rights until later when he was booked. Contrary to his testimony, I accept the testimony of the Commonwealth’s witnesses and give credit to the documentary evidence which shows his signature acknowledging receipt of his rights at 9:17 PM and a later booking at 10:08 PM. He was re-advised of his rights at booking.
I further find, based upon his own testimony, that he was fully aware of his rights, including his right to counsel. Also, he knew how to exercise those rights and had previously exercised those rights to refuse to talk and to request an attorney.
He was interviewed in a room measuring about 15’ by 12’. Only three people were present, including himself. There was no evidence that the circumstances were oppressive or that he was in a physical or emotional state which influenced his decision to waive his rights and answer questions.
Defendant also claims that, under Edward v. Arizona, 451 U.S. 477 (1981), he should not have been interviewed further on November 20, 1998 since he had invoked his right to counsel when he was first interviewed on April 10, 1998.
In the circumstances of this case the time lapse between the defendant’s initial assertion of his right to counsel and his later questioning was several months. Furthermore he was re-advised of his rights and he clearly understood them and waived them. A reasonable review of the evidence leads the court to conclude that the police were entitled to question him at the time of his November arrest and had not violated his request in April not to be questioned without an attorney present.
Finally, Defendant claims that his rights under G.L.c. 276, 33A were violated because he was not advised of his right to make a telephone call until he was booked at 10:08, after he hád made statements in the interview room.
RULINGS OF LAW
The defendant argues that his waiver of Miranda rights is invalid and, his prior invocation of his right to have counsel present was still operative. The Commonwealth has the burden of proof beyond a reasonable doubt that the defendant voluntarily, knowingly and intelligently waived the Constitutional rights protected by Miranda. Commonwealth v. Edwards, 420 Mass. 666, 669 (1995); Commonwealth v. Day, 387 Mass. 915, 921 (1983).
To ensure a criminal defendant’s statements were made voluntarily, in compliance with due process of law, it is necessary to examine the totality of the circumstances surrounding the making of the statements. See Commonwealth v. Selby, 420 Mass. 656, 662- 663 (1995); Commonwealth v. Parker, 402 Mass. 333, 340 (1988). A statement is voluntary only if it is the product of a rational intellect, a free will, and is a meaningful act of volition. Commonwealth v. Davis, 403 Mass. 575, 581 (1988) citing Blackburn v. Alabama, 361 U.S. 199, 208-211 (1960); Commonwealth v. Vazquez, 387 Mass. 96, 99 (1982). When reviewing the totality of the circumstances, it is necessary to consider the evidence of the defendant’s conduct, his physical and mental condition, and the details of the interrogation. Parker, 402 Mass. at 340.
The defendant maintains that when he arrived at the police station on November 20, 1998, he was not taken to be booked but was taken to an interview room. He claims that he was not advised of his Miranda rights until later when he was booked. Nonetheless, the Commonwealth’s witness and the documents evincing the defendant’s signature acknowledging receipt of his rights on November 20, 1998 at 9:17 PM and again at the later booking at 10:08 PM are ample evidence to support that the defendant was fully informed of his Miranda rights. Nor is there any evidence to suggest that the defendant did not understand his rights and the waiver when he decided to speak to the two police officers. Moreover, on the basis of the record, it is apparent that the defendant is familiar with his Constitutional rights as demonstrated by contact with the police in April 1998, and his assertion of his rights to counsel and to remain silent at that time. See Commonwealth v. King, 17 Mass.App.Ct. 602, 607, review denied, 391 Mass. 1105 (1984).
*463 In determining the voluntariness of the defendant’s statement, however, it is also necessary to look to the totality of the circumstances surrounding its making to ensure that the defendant’s statement “was a free and voluntary act and was not the product of inquisitorial activity which had overborne his will.” Commonwealth v. Magee, 423 Mass. 381, 388 (1996) quoting Commonwealth v. Mahnke, 368 Mass. 662, 680 (1975), cert. denied, 425 U.S. 959 (1976).
The circumstances surrounding the giving of the statements in the present case indicate that the statements were voluntary. The defendant was interviewed in a fairly large room, measuring approximately 15’ by 12’. Only three people were present, including the defendant. There is no evidence that the environment was coercive or that he was in a physical or emotional state which influenced his decision to waive his rights and answer questions. Moreover, the defendant was knowledgeable in how to exercise those rights and had previously exercised those rights to request an attorney and to remain silent. Thus, in light of the totality of the circumstances surrounding the making of his statements, the defendant engaged in the free exercise of a rational intellect without impairment of his capacity to choose between alternative courses of action (i.e., to speak or to remain silent). His decision to respond to police inquiry was, accordingly, voluntary. See Commonwealth v. Prater, 420 Mass. 569, 578-79 (1995); Commonwealth v. Waller, 35 Mass.App.Ct. 915, 917 (1993).
Edwards Issue
The defendant maintains that his invocation to have right of counsel made in April was still operating in November pursuant to Edwards v. Arizona, 451 U.S. 477 (1981). In Edwards, supra, the Supreme Court reinforced the safeguards of a defendant’s right to counsel first provided in Miranda, emphasizing that once a defendant has requested an attorney, interrogation must cease unless the defendant initiated the contact. Commonwealth v. Perez, 411 Mass. 249, 257 (1991), citing Edwards, 451 U.S. at 484-85. The Supreme Court, however, has never considered the applicability of Edwards to a case with such a long interval between the invocation of the right to counsel and the subsequent police interrogation without counsel. Perez, 411 Mass. at 257. In Edwards, the gap was overnight between the defendant’s assertion of his right to an attorney and the subsequent police interrogation. Edwards, 451 U.S. at 479.
In this jurisdiction, the Supreme Judicial Court has concluded that under federal law, the application of the Edwards rule requires continuous custody. Commonwealth v. Galford, 413 Mass. 364, 370 (1992), cert. denied, 506 U.S. 1065 (1993). “When a defendant is released from custody, the coercive effect of custody disappears.” Id. In other words, “(o)nce a defendant is freed, ‘the heightened potential for state-coerced self-incrimination ends and the Fifth Amendment right to counsel ends.’ ” Id. at 370-71, quoting United States ex rel. Espinoza v. Fairman, 813 F.2d 117, 125 (7th Cir.), cert. denied, 483 U.S. 1010 (1987), citing United States v. Geiftmann, 733 F.2d 1419, 1429 (10th Cir. 1984); United States v. Skinner, 667 F.2d 1306, 1309 (9th Cir. 1982), cert. denied 463 U.S. 1229 (1983). Thus, the seven month interval between the defendant’s April 10, 1998 request for an attorney, and his subsequent statements to the police on November 20, 1998, bars application of Edwards to this case.
Statutory Right to Make Telephone Call
The defendant argues that his statutory right to use a telephone, G.L.c. 276, ¶33A,[1] was violated, and consequently his statements made to the police should be suppressed. Notwithstanding the absence of any express penalty in the statute, a violation of an arrestee’s statutory right to make a telephone call may call for suppression of unfavorable evidence obtained as a result of denial of that right. See Commonwealth v. McGaffigan, 352 Mass. 332, 335 n.4 (1967); Commonwealth v. Bouchard, 347 Mass. 418, 421 (1964); Commonwealth v. Maylott, 43 Mass.App.Ct. 516, 519 (1997). To make the statute “an effective piece of legislation” in the absence of an express penalty, the court has “grafted an exclusionary rule to it.” Commonwealth v. Alicea, 428 Mass. 711, 716 (1999). That is, if unfavorable evidence is gained as a result of an intentional deprivation of a defendant’s right to make a telephone call pursuant to G.L.c. 276, §33A, it should be suppressed. Commonwealth v. Caze, 426 Mass. 309, 311 (1997); Commonwealth v. Johnson, 422 Mass. 420, 429 (1996); Alicea, 428 Mass. at 716, quoting Commonwealth v. Jones, 362 Mass. 497, 502-03 (1972). See also, Commonwealth v. Johnson, 422 Mass. 420, 429 (1996). The courts have declined, however, to extend the policy to unintentional deprivations by the police. Johnson, 422 Mass. at 429, Commonwealth v. Parker, 402 Mass. 333, 341 (1988); McGaffigan, 352 Mass. at 335 n.4; Bouchard, 347 Mass. at 421.
On review of the record in this case, there is sufficient evidence to show that the police intentionally prevented the defendant from communicating with family members or counsel by failing to inform him within one hour of arrest of his right to make a telephone call under G.L.c. 276, §33A. Commonwealth v. Johnson, 422 Mass. 420, 429 (1996). Where there is no dispute that the violation of the defendant’s right was intentional, “evidence of an in-custody inculpa-tory statement . . . even if accidental, should not be admitted unless the Commonwealth can show beyond a reasonable doubt that the evidence is untainted by the deprivation of the defendant’s right." Id.; Commonwealth v. Jones, 362 Mass. 497, 503 (1972). From this Court’s examination of the record, it is clear that the Commonwealth can not make this proof. Jones, 362 Mass. at 503. The purpose of the delay in affording *464 defendant his statutory right to a telephone call was to elicit inculpatory statements. Commonwealth v. Meehan, 377 Mass. 552, 567 (1979) (suppression warranted where deprivation occurred through proved intention): see also Commonwealth v. Alicea, 428 Mass. 711, 716 (1999). Thus, because a willful violation of the statute has been established, suppression is required as a matter of law. Alicea, 428 Mass. at 716.
ORDER
It is therefore ORDERED that the defendant’s motion to suppress certain statements made by him on November 20, 1998 be ALLOWED on the basis that defendant’s rights under G.L.c. 276, §33A were violated.

 G.L.c. 276, §33A provides in relevant part: The police . . . shall permit the use of the telephone, . . . for the purpose of allowing the arrested person to communicate with his family or friends, or to arrange for release or bail, or to engage the services of an attorney. Any such person shall be informed forthwith upon his arrival at such station or place of detention, of his right to so use the telephone, and such use shall be permitted within one hour thereafter.