NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-476

COMMONWEALTH

vs.

ANDREW TYRONE HENDREN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Pursuant to a search warrant, Boston police officers discovered numerous bags of crack cocaine on the defendant's person.  Based on this, the defendant was indicted for trafficking in a class B substance.  In an effort to prove that the officer who signed the affidavit on which the search warrant was obtained had lied, the defendant sought certain discovery. The Commonwealth opposed such discovery on the ground that it could lead to the defendant's uncovering the identity of a confidential informant (CI) who had engaged in four "controlled purchases" from the defendant.  After the Commonwealth refused to comply with an order to supply the requested discovery, a Superior Court judge dismissed the indictment with prejudice. On the Commonwealth's appeal, we affirm.

Background.  The officer who signed the search warrant affidavit, then an eleven year veteran of the Boston police department (BPD), reported that the CI contacted him in "late November 2018" and told him that a "white male" who went by the name "Tristen" recently had offered to sell crack cocaine to the CI.[1]  According to the affidavit, using the telephone number the CI identified as belonging to Tristen, the CI conducted four controlled buys, two in November, one in the "first week of December," and the final buy "within the past 72 hours" of December 10, 2018.  At each buy, the officers observed the man the CI had identified as Tristen -- and later identified by photograph as the defendant -- complete the transaction.

According to the affidavit, the defendant traveled to the predetermined location of the first three controlled buys in a black Honda Accord, which the officer confirmed through a registry of motor vehicles search was registered to the defendant.  Based on this information, a search warrant was issued for both the vehicle and the defendant.  In executing the warrant, on December 12, 2018, the officers found 223 bags of what was tested to be crack cocaine on the defendant's person. No drugs were otherwise found in the vehicle itself.  The

---

[1] According to the affidavit, the CI had "extensive knowledge of drug distribution, sales, and delivery in the Boston, MA area" from "being a substance abuser who regularly purchases illicit drugs."

2

charges against the defendant involve only the substances seized on his person, and not any of the substances recovered during the controlled buys.

According to an affidavit that the defendant submitted from his counsel, the defendant's car could not have been involved in at least the first two controlled buys because it was in an auto repair shop at the relevant time.[2]  Whether this also could be said about the third controlled buy is not clear, because the search warrant affidavit suggests that that buy occurred at some time on or after December 6, 2018, the very day that the defendant claims his car was returned to him.  In order to determine precisely whether or not the alleged third controlled buy occurred before the car was returned, the defendant filed a discovery motion seeking the date and time of that buy.  See Mass. R. Crim. P. 14 (a) (1) (A) (iii), as appearing in 442 Mass. 1518 (2004).  According to the defendant, establishing whether the police lied about the car's involvement in the third controlled buy was relevant for two reasons:  to support a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and to support impeachment of the affiant at trial.

---

[2] Defense counsel averred that from "November 5, 2018 until December 6, 2018," the defendant's vehicle was not in his possession, but rather in an auto body repair shop, and that defense counsel had supporting documentation to corroborate this.

The Commonwealth filed an opposition to the motion seeking discovery, arguing that the requested information was protected by the so-called "informant privilege." The Commonwealth maintained that divulging information about the exact time of the third controlled buy could allow the defendant to identify the CI, e.g., by seeing whom might have called him just before the transaction. Furthermore, the Commonwealth claimed the requested information was "immaterial" because the date and time of the third controlled buy was "not relevant to any element of the alleged crime."

At a nonevidentiary hearing on the motion, defense counsel assured the judge that he was seeking only the "date and time" and that he was "not trying to identify the CI." Counsel offered that if the judge was concerned about the defendant being able to determine the identity of the CI by this limited information, defense counsel would withhold the details from his client. He also offered to provide his documentation of the vehicle's whereabouts between November 6 and December 6, that is, the documentary evidence referenced in his affidavit. However, after prompting from the judge, the Commonwealth expressly confirmed that it was not challenging the validity of the defendant's information that the car was in the shop, and that for present purposes it was not seeking further proof of

4

this.[3]  The judge allowed the defendant's motion,
but -- following up on defense counsel's suggestion -- he
prohibited defense counsel from "discuss[ing] this information
[that is, the specific date and time of the third controlled
buy] with the defendant."

Over two months later, the Commonwealth filed a motion for
reconsideration expressing "renewed concerns" about the safety
of the CI in this case.  For the first time, the Commonwealth
suggested holding an in camera hearing for the judge to examine
the evidence on which the defendant was relying to assert his
car was in the shop during the relevant time.  After a
nonevidentiary hearing, the same judge denied the Commonwealth's
motion on November 10, 2021.[4]

The Commonwealth then petitioned the single justice of the
Supreme Judicial Court, seeking extraordinary relief pursuant to

---

[3] The Commonwealth's challenge to the validity of defense
counsel's affidavit, which was raised for the first time in its
untimely motion for reconsideration, has been waived.  See
Commonwealth v. Teixeira-Furtado, 474 Mass. 1009, 1012 n.3
(2016).  For the same reasons, so too has the Commonwealth
waived a request for an in camera hearing on the supporting
documentation.  Furthermore, while the judge could have
conducted an in camera review sua sponte, he was not required to
do so.  See Commonwealth v. Dias, 451 Mass. 463, 472 (2008).

[4] The BPD separately filed what purported to be its own motion
for reconsideration over a month after the Commonwealth filed
its motion.  Even though this "motion" was filed by a nonparty,
the docket notes that the judge denied it the same day he denied
the Commonwealth's motion.  The BPD has not purported to appeal.

G. L. c. 211, § 3, to vacate the discovery order.  The defendant filed a written opposition.  On February 17, 2022, the single justice denied the Commonwealth's petition in a one-page order. The Commonwealth did not seek review of that judgment by the full court.[5]

On April 5, 2022, the Commonwealth filed a response to the pending discovery order informing the judge and the defendant that BPD was unwilling to provide the ordered discovery even to the Commonwealth itself.  Accordingly, the defendant filed a motion to dismiss the indictment due to the Commonwealth's "willful and deliberate refusal to provide court ordered discovery."[6]

After a hearing at which the prosecutor confirmed the ordered discovery would not be forthcoming, the judge allowed the defendant's motion to dismiss with prejudice.  He

---

[5] The defendant argues that the Commonwealth forfeited its right to contest the validity of the discovery order in the current appeal by not seeking further review of the single justice's denial of its petition for emergency relief.  We disagree.  See Commonwealth v. Douzanis, 384 Mass. 434, 436 n.5 (1981).

[6] Defense counsel filed a supporting affidavit explaining how he had spoken to the Commonwealth "numerous times" following the single justice's order, that the Commonwealth had informed him that "they would not comply with [the discovery] order," that he was "informed that the Boston Police Department would not provide this information to the Suffolk County District Attorney's Office," and that the "Commonwealth made the same representations at a status hearing on April 5, 2022."  A transcript of this April 5, 2022 hearing is not in the record.

acknowledged "[BPD's] understandable motivations in refusing to disclose the requested information to prosecutors (protecting the safety and identity of its Confidential Informants)," but nevertheless found "egregious" conduct on the part of the Commonwealth in "refusing to produce the ordered discovery," which was "necessary in order for [the defendant] to receive a fair trial and to be able to fully litigate a Franks motion." Furthermore, the judge noted that he had "specifically considered whether exclusion or suppression of the evidence seized as a result of the execution of the search warrants would be the more appropriate remedy," but concluded that either of these "remed[ies] would ultimately likely lead to the same practical result (dismissal of the indictment)."

Discussion. "There is no question that a judge may in his discretion order discovery of information necessary to the defense of a criminal case, and that, on failure of the Commonwealth to comply with a lawful discovery order, the judge may impose appropriate sanctions, which may include dismissal of the criminal charge" (citation omitted). Commonwealth v. Douzanis, 384 Mass. 434, 436 (1981). The Commonwealth challenges the judge's allowance of the disclosure motion underlying the allowance of the motion to dismiss, arguing that the disclosure order impermissibly would in effect reveal the identity of the CI. Although "[t]he government's privilege not

7

to disclose the identity of an informant has long been recognized in this Commonwealth . . . [t]he scope of the informant privilege is limited by its underlying purpose: 'where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged.'" Commonwealth v. Whitfield, 492 Mass. 61, 68 (2023), quoting Roviaro v. United States, 353 U.S. 53, 60 (1957).  As the Supreme Judicial Court recently stated, "consideration of whether disclosure of requested information, short of an informant's name and address, might place an informant in danger has always been part of a case-specific inquiry into whether the informant privilege is properly invoked."  Whitfield, supra at 70 n.11.  "We review a decision on a motion for disclosure of information subject to the Commonwealth's assertion of the informant's privilege for an abuse of discretion."  Id. at 67.

In our view, the judge did not abuse his discretion in ordering the Commonwealth to provide defense counsel with the limited information regarding the date and time of the third controlled buy, which had occurred almost three years earlier. Putting aside whether the defendant would have been able to identify the CI from this information, the judge made disclosure of such information subject to a protective order that prohibited counsel from sharing such information with the

8

client.  The Commonwealth has provided no reason to believe defense counsel would not abide by that limitation.  See Commonwealth v. Rodriguez, 484 Mass. 1047, 1050 (2020) (protective order is valid method to protect CI's identity when seeking information other than CI's name); Commonwealth v. Holliday, 450 Mass. 794, 803-806, cert. denied, 555 U.S. 947 (2008) (assuming that defense attorneys uphold duty to comply with court rules and orders, including protective orders under rule 14 [a] [6]).

The Commonwealth protests that the defendant had a facially strong Franks argument even without the requested information, and that the defendant's need for the information therefore was limited.  While the premise of this contention may be correct, it hardly follows that the defendant thereby lost the right to make his Franks argument even stronger.  We similarly are unpersuaded by the Commonwealth's argument that because the defendant was not being prosecuted for drugs sold during the third controlled buy (or for any drugs found in the car during execution of the search warrant), then any misstatement in the search warrant affidavit about the use of the car during the third controlled buy would therefore be immaterial in any trial on the merits.  Whether the affiant lied about such information has its own potential exculpatory value regardless.  As set out in the margin, see note 3, supra, and to the extent that the

9

Commonwealth argues that, as a matter of proof, the defendant adequately failed to substantiate that his car was in the shop, the Commonwealth affirmatively disavowed making that argument and therefore waived it.  See Commonwealth v. Teixeira-Furtado, 474 Mass. 1009, 1012 n.3 (2016).  For the same reasons, the Commonwealth waived its late-minted request that the judge hold an in camera hearing.  Although the judge could have conducted an in camera review sua sponte, he was not required to do so.  See Commonwealth v. Dias, 451 Mass. 463, 472 (2008).

This case bears little resemblance to Whitfield, the case the Commonwealth highlighted at oral argument.  There, the court found that the "extensive amount of information requested by the defendant," including the dates, locations, and other information regarding the CI's previous law enforcement collaborations, would "in effect, reveal the informant's identity such that the informant's privilege is applicable to this case."  Whitfield, 492 Mass. at 70.  Here, by contrast, the defendant is seeking only the date and time of a single controlled buy that had occurred years earlier.  Moreover, there was no protective order in Whitfield, unlike here.  The judge did not abuse his "broad discretion to order discovery

10

under Mass. R. Crim. P. 14" of this limited information.

Whitfield, supra at 70.[7]

Having concluded that the discovery order issued by the judge was valid, we still must assess whether the judge abused his discretion in imposing the sanction of dismissal for the Commonwealth's refusal to comply with that order. Although a "dismissal with prejudice is a remedy of last resort[,]" such a remedy "is warranted where there is egregious prosecutorial or police misconduct and prejudice to the defendant's right to a fair trial, and where the dismissal is necessary to cure the prejudice." Commonwealth v. Edwards, 491 Mass. 1, 9 (2022), quoting Commonwealth v. Washington W., 462 Mass. 204, 215 (2012). Our review of the sanction imposed is itself limited to an abuse of discretion standard. See Washington W., supra at 213 ("We accept the judge's subsidiary findings of fact absent clear error and review [his] sanctions order for abuse of discretion or other error of law").

Where the BPD made it plain that it had no intention of providing the requested information even to the district attorney, the judge was justified in finding that the Commonwealth's "repeated[] and wilfull[] fail[ure] to comply

---

[7] We therefore do not analyze the other parts of the two-stage analysis for when the informant privilege is properly asserted. See Whitfield, 492 Mass. at 70.

11

with the discovery order" constituted egregious conduct. Washington W., 462 Mass. at 216. See id. at 207, 213 (where "prosecutor informed the judge that he had the required discovery with him, but refused to produce it," judge found "deliberate, willful and repetitive" misconduct [quotation omitted]). It additionally bears noting that the information that the BPD refused to disclose relates directly to the defendant's allegations of police misconduct. Under the circumstances present here, the judge had an ample factual basis for concluding that the defendant would be unable to receive a fair trial or full opportunity to litigate the Franks hearing. See Washington W., supra at 216-217 (where prosecution refused to produce statistical discovery such that the juvenile could not fully develop factual basis for his selective prosecution defense, "the only way to cure the denial of this lost opportunity was to grant the juvenile the relief he potentially could have obtained had he received the ordered discovery [i.e., dismissal with prejudice]"). This is not a case where there was an obvious cure for the prejudice effected by the Commonwealth's refusal to turn over potentially exculpatory information to which the defendant was entitled. See, e.g., Edwards, 491 Mass. at 9-10 (abuse of discretion to dismiss complaint with prejudice where Commonwealth's discovery violation [failure to timely disclose 209A exhibit] was not intentional but rather result of

12

miscommunication, and judge found it could have been remedied through continuance or excluding exhibit at trial).  At the hearing on the motion to dismiss, the Commonwealth proposed no lesser sanction to cure the prejudice to the defendant; instead, it essentially urged the judge simply to ignore the Commonwealth's noncompliance.  The judge cannot be faulted for failing to consider nonobvious alternatives that the Commonwealth never brought to his attention.[8]

Because the Commonwealth has not demonstrated that the judge abused his discretion in issuing the discovery order or in his choice of sanctions for the Commonwealth's deliberate violation of that order, we affirm the judgment dismissing the indictment with prejudice.

<u>Judgment affirmed</u>.

By the Court (Milkey, Blake & Sacks, JJ.[9]),

*Joseph F. Stanton*

Clerk

Entered:  October 24, 2023.

---

[8] In particular, we note that the Commonwealth did not suggest that the judge should have gone forward with the <u>Franks</u> hearing to assess whether the car in fact was in the shop during the first two controlled buys, and then, if so, have the judge then presume that the car remained there for the third controlled buy (as a means of trying to cure the prejudice caused by the discovery violation).

[9] The panelists are listed in order of seniority.

13