APPEALS COURT 
 
 COMMONWEALTH vs. TYLER J. TREPANIA

 
 Docket:
 24-P-81
 
 
 Dates:
 January 8, 2025 – July 31, 2025
 
 
 Present:
 Neyman, Ditkoff, & Wood, JJ.
 
 
 County:
 Berkshire
 

 
 Keywords:
 Rules of Criminal Procedure. Practice, Criminal, Disclosure of evidence, Dismissal, Judicial discretion, Speedy trial.
 
 

       Complaint received and sworn to in the Pittsfield Division of the District Court Department on October 7, 2020. 
      A motion to dismiss was heard by Jennifer Tyne, J., and a motion for reconsideration also was considered by her. 
      James F. Petersen, Assistant District Attorney, for the Commonwealth.
      Mathew B. Zindroski for the defendant.
      WOOD, J.  The Commonwealth appeals from a District Court judge's order dismissing a criminal complaint against the defendant, Tyler J. Trepania.  This case requires us to consider whether the judge abused her discretion in dismissing the complaint as a sanction for the Commonwealth's delay in producing discovery.  We conclude that Mass. R. Crim. P. 14, as appearing in 442 Mass. 1518 (2004), does not authorize the sanction imposed in these circumstances, and the judge abused her discretion in dismissing the complaint.  In addition, dismissal was not warranted under Mass. R. Crim. P. 36, 378 Mass. 909 (1979), where the judge did not make any findings about excludable periods under rule 36 (b) (2) or the common law.  Therefore, we vacate the judgment of dismissal.
      1.  Background.  A complaint issued on October 7, 2020, and the defendant was arraigned in February 2021 on three counts of indecent assault and battery in violation of G. L. c. 265, § 13H.  The final pretrial hearing was held on March 17, 2022.  At that time, the Commonwealth represented that all mandatory discovery was completed and made no mention of deoxyribonucleic acid (DNA) evidence.  The judge set a trial date for June 2, 2022. 
      In April 2022, a different assistant district attorney (ADA) was assigned to the case.  That month, she disclosed new evidence documenting that a male DNA profile had been developed from saliva on the alleged victim's neck and moved to obtain a DNA sample from the defendant.[1] 
      After initially denying the Commonwealth's motion to obtain the defendant's DNA sample and a motion for reconsideration, on June 21, 2022, the judge allowed the Commonwealth's renewed motion over the defendant's objection and removed the case from the trial list.  In doing so, the judge observed that the testing of DNA samples and the prospect of presenting the results of such testing at trial would constitute a "dramatic shift" in the Commonwealth's intended presentation of evidence and would result in a delay of the trial.  However, the judge also found that the Commonwealth's failure to disclose the DNA evidence in its possession was neither malicious nor a deliberate effort to prejudice the defendant.  Indeed, the judge found the delay would not prejudice the defendant.[2]  Nevertheless, having noted that "[w]e cannot permit the Commonwealth to earn itself more time simply by being unprepared," Commonwealth v. Denehy, 466 Mass. 723 (2014), the judge sanctioned the Commonwealth under rule 14 (c) as follows:
all time from March 17, 2022[3] forward shall be counted against the Commonwealth for Rule 36 purposes.  This shall include reasonable requests by the defendant to secure experts and conduct tests as he determines necessary to prepare a defense in light of the newly disclosed evidence.  All time prior to March 17, 2022, is subject to argument should a Rule 36 motion be filed.
 
The judge characterized this "[a]s a sanction for the Commonwealth's failure to make timely disclosure of evidence in [i]ts possession," as required by rule 14 (a) (1) (A) (vii). 
      On August 15, 2022, the Commonwealth disclosed to the defense the results of the comparison of the defendant's DNA profile to the DNA profile in the saliva recovered from the alleged victim.  The case was continued by agreement until September, and again by order of the court until November without objection from either party.  At the November 25, 2022, status hearing, the Commonwealth informed the judge that it was "ready for trial," but further represented that the defendant was requesting a continuance until January 2023.[4]  At a status conference held on January 25, 2023, the Commonwealth represented that discovery was complete, that the parties were "still discussing a resolution," and that the parties were requesting a continuance until February.  Thereafter, at another status conference held on February 2, 2023, defense counsel stated that "we are finally ready to mark for trial," and requested a trial date of March 20, 2023.[5] 
      On March 20, 2023, the defendant filed a motion to dismiss pursuant to rule 36, the Sixth Amendment of the United States Constitution, and Article XI of the Massachusetts Declaration of Rights, based on the judge's rule 14 sanction issued on June 21, 2022 -- that no time after March 17, 2022 would be subject to rule 36 excludable periods.  In a written memorandum of order and decision, the judge allowed the motion to dismiss, concluding, inter alia, that it was "the Commonwealth's inattention to this case that permitted a year from March 17, 2022, to expire without bringing the case to trial."[6]  The judge concluded that "the Commonwealth has violated the defendant's right to a speedy trial and the case must be dismissed."  Despite this apparent reference to rule 36, the judge also asserted that "the motion to dismiss is based on this Court's June 21, 2022 Order, rather than on disputes over excludable time."  As noted, the judge's order entered on June 21, 2022, was a rule 14 (c) sanction for a discovery violation.[7]
      The Commonwealth filed a timely notice of appeal, as well as a motion for reconsideration.  In a comprehensive amended decision on the Commonwealth's motion for reconsideration, the judge denied the motion.  The judge wrote that 
"the Commonwealth failed to comply with Rule 14 . . . .  It was within this Court's discretion to exclude the evidence that the Commonwealth sought to collect and analyze at so late a date (See rule 14[c][2]).  But rather than do that, this Court issued Orders that took into account both the Commonwealth's interest in presenting [i]ts strongest case (despite the Commonwealth's failure to diligently prepare for trial) and the defendant's right to a speedy trial."  
The Commonwealth filed a timely notice of appeal from that order as well.
      2.  Discussion.  The case has come to us on the Commonwealth's appeal of the judge's allowance of a motion to dismiss pursuant to rule 36.  However, because the judge relied on her rule 14 (c) sanction order, her dismissal could also be viewed as a rule 14 sanction.  The parties addressed the applicability of both rules on appeal.  We consider whether the order was proper under either rule.
      a.  Rule 14 dismissal.  We first review the judge's order dismissing the criminal complaint as a rule 14 (c) sanction.  "We review the judge's sanctions order" pursuant to rule 14, "for abuse of discretion or other error of law" (quotation and citation omitted).  Commonwealth v. Sanford, 460 Mass. 441, 445 (2011).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  Vazquez Diaz v. Commonwealth, 487 Mass. 336, 345 (2021).
      Judges must keep in mind two considerations when crafting sanctions:  "First, sanctions are remedial in nature.  Second, sanctions should be tailored appropriately to cure any prejudice resulting from a party's noncompliance and to ensure a fair trial" (citation omitted).  Sanford, 460 Mass. at 445.  In tailoring a sanction to the prejudice, judges must weigh "the injury suffered and balance the defendant's rights against the need to preserve society's interest in the administration of justice."  Commonwealth v. Pena-Lara, 104 Mass. App. Ct. 680, 688 (2024).  See Commonwealth v. Frith, 458 Mass. 434, 442 (2010) (purpose of rule 14 [c] sanction is "to protect a defendant's right to a fair trial," not "to penalize the Commonwealth for its misconduct").  See also Commonwealth v. Carney, 458 Mass. 418, 426-428 (2010) (punitive fine not appropriate discovery sanction).
      "There is no question that a judge may in [her] discretion . . . impose appropriate sanctions, which may include dismissal of the criminal charge" (citation omitted).  Commonwealth v. Douzanis, 384 Mass. 434, 436 (1981).  Dismissal with prejudice, however, "is a 'remedy of last resort'"; such a remedy is warranted only "where there is egregious prosecutorial or police misconduct and prejudice to the defendant's right to a fair trial, and where the dismissal is necessary to cure the prejudice."  Commonwealth v. Edwards, 491 Mass. 1, 9 (2022), quoting Commonwealth v. Washington W., 462 Mass. 204, 215 (2012).
      For example, in Washington W., 462 Mass. at 204, a juvenile was indicted on two youthful offender counts alleging statutory rape.  The juvenile filed a discovery motion for statistical data concerning prosecution of juvenile sexual assault charges, which was initially denied, but allowed in part following a subsequent Supreme Judicial Court decision.  Id. at 205-206.  In response to a direct court order to produce the discovery, the Commonwealth refused to do so, and the judge "found that the refusal was 'deliberate, willful and repetitive.'"  Id. at 208.  The Supreme Judicial Court held that this was egregious prosecutorial misconduct that prejudiced the defendant by not allowing him to develop his potentially exculpatory defense.  Id. at 214-217.  Dismissal was a proper sanction because "[t]he only way to cure the denial of this lost opportunity was to grant the juvenile the relief he potentially could have obtained had he received the ordered discovery."  Id. at 217.
      Equally instructive is Commonwealth v. Lam Hue To, 391 Mass. 301 (1984).  During trial, defense counsel discovered that the prosecutor and investigating officers had intentionally withheld exculpatory evidence that police had found two knives, one of which was stained and was inferably the murder weapon.  Id. at 305-306.  The Supreme Judicial Court concluded that this discovery violation warranted a mistrial.  Id. at 310.  However, the Supreme Judicial Court concluded that the prosecutorial misconduct was insufficient justification for dismissal as a sanction, because the prosecutor did not intend to "goad the defendant into seeking an end to the trial" (citation omitted).  Id. at 312.  The Supreme Judicial Court held that dismissal of the indictment "would be appropriate where failure to comply with discovery procedures results in irremediable harm to a defendant that prevents the possibility of a fair trial."  Id. at 314.  Because the record on appeal was inadequate to make that determination, the Supreme Judicial Court remanded the case to the trial court.  Id.
      Applying these principles to this case, the judge found that the Commonwealth did not intentionally withhold evidence. Moreover, the judge found that, while introduction of new evidence would undoubtedly delay the trial, that delay would not prejudice the defendant.  Indeed, the Commonwealth produced a criminalistics report comparing a DNA profile from the saliva found on the alleged victim's neck to the defendant's DNA profile less than two months after the judge granted the Commonwealth's request to develop that evidence and about seven months before the court-imposed trial deadline of March 17, 2023.  This gave the defense ample time to hire a DNA expert to review the report and develop a defense. 
      Nevertheless, the Commonwealth concedes that its late disclosure of the DNA results after the parties had filed the pretrial conference report was a violation of rule 14 (a) (1) (A) (vii).  Accordingly, the Commonwealth concedes that sanctions were warranted under rule 14 (c).  But the Commonwealth disputes the judge's authority in these circumstances to impose, as a rule 14 discovery sanction, a period of non-excludable time that disregarded rule 36 provisions, and results in dismissal of the complaint. 
      We agree with the Commonwealth that the judge abused her discretion to the extent that she dismissed the charges in reliance on her rule 14 sanction.  The judge admirably attempted to fashion a solution tailored to the harm caused by the Commonwealth's undisputed discovery violation -– potentially significant delay -– while still allowing the Commonwealth to present all relevant evidence.  See Commonwealth v. Lowery, 487 Mass. 851, 869-870 (2021) ("Although the court may exercise its general sanction power under [rule 14] to exclude evidence, it is generally better to grant each party the freedom to present all relevant evidence at trial" [citation omitted]).  We recognize that the judge was faced with complicated circumstances in a busy District Court.  Moreover, we have no doubt -- and indeed the record demonstrates -- that she had the goals of fairness and a careful balancing of the parties' interests in mind when structuring the remedy she chose. 
      As noted, however, a judge may dismiss criminal charges as a discovery sanction only where the discovery violation caused "irremediable harm to a defendant that prevents the possibility of a fair trial."  Lam Hue To, 391 Mass. at 314.  In June 2022, the judge found that "the delayed disclosure will not prejudice the defendant."  That finding was not clearly erroneous.  As noted above, the Commonwealth produced the criminalistics report to the defense within two months, leaving the defense ample time to retain and consult a DNA expert to review it.  We do not foreclose the possibility that the judge might have been permitted to reconsider her prejudice analysis in March 2023.  But she did not do that.  Rather, she simply relied on her June 2022 rule 14 (c) sanction order without addressing prejudice.  Dismissal of the charges as a sanction for a violation of rule 14 (a) (1) (A) (vii), in the absence of a finding of irremediable harm, was an abuse of discretion.[8]
      b.  Rule 36 dismissal.  "In reviewing a defendant's speedy trial claim on appeal, we accept the judge's findings of fact absent clear error where the judge's findings rest on his or her evaluation of the credibility of a witness testifying at an evidentiary hearing, or where the judge's findings rest on his or her memory of events from presiding over the proceedings.  We then 'make an independent determination of the correctness of the judge's application of constitutional principles to the facts as found'" (citations omitted).  Dirico, 480 Mass. at 496-497. 
      The defendant moved to dismiss the complaint on the grounds that the Commonwealth had failed to try him within a year and therefore violated his right to a speedy trial under rule 36.  The judge allowed that motion.  As we have explained, the judge wrote that "the motion to dismiss is based on this Court's June 21, 2022, Order [imposing rule 14 (c) discovery sanction], rather than on disputes over excludable time."  But we conclude that dismissal under rule 36 is unwarranted on this record.
      To the extent that the judge implied that dismissal was warranted "for Rule 36 purposes," because more than a year had passed since March 17, 2022, she failed to conduct the appropriate Rule 36 analysis.  Instead, she simply included all time from March 17, 2022, based on the sanction.  See Dirico, 480 Mass. at 496.
      "Under rule 36, a criminal defendant who is not brought to trial within one year of the date of arraignment is presumptively entitled to dismissal of the charges unless the Commonwealth justifies the delay" (quotation and citation omitted).  Dirico, 480 Mass. at 497.  After the defendant establishes a prime facie violation by showing at least 365 days had elapsed between his arraignment and his filing of his motion to dismiss, the burden then shifts to the Commonwealth to justify a delay thereby excluding it from the speedy trial calculation under rule 36.  Id.  One way the Commonwealth can meet its burden is under the common law rule that the defendant "is not entitled to dismissal if [he] acquiesced in, was responsible for, or benefited from the delay."  Id. at 498-499.[9]
      Because the judge did not apply the provisions of rule 36 (b) (2) and the common law, but instead prospectively included all time from June 22, 2022, to March 17, 2023, regardless of subsequent events, dismissal under rule 36 was also error.  Ultimately, "[j]udicial action to circumvent a rule is inappropriate."  Commonwealth v. Gonzalez, 437 Mass. 276, 281 (2002), cert. denied, 538 U.S. 962 (2003).  A court does not have the authority to preemptively supersede the rules of criminal procedure.[10]  
      Accordingly, we vacate the judge’s order dismissing the motion for reconsideration and the order dismissing the complaint and remand the case for further proceedings consistent with this opinion.
So ordered.
footnotes

      [1] A criminalistics report, dated October 2, 2020, documented a positive saliva screening.  A DNA testing report, dated on December 3, 2020, documented a major male contributor in the DNA profile.  The judge found the Commonwealth did not disclose these reports to the defense until April 14, 2022. 
      [2] The judge did not explain the basis for this finding further.  Because neither party disputes it and it is not material to our opinion, we will not address it.
      [3] The date of the final pretrial conference.
      [4] The request for continuance also stemmed from "collateral issues" involving a related "domestic case" involving the same parties.  
      [5] The judge found that defense counsel and the ADA present in court on February 2, 2023, "agreed to the March 20, 2023, trial date." 
      [6] In reaching her conclusion the judge observed that "the defendant did not deliberately try to run out the clock and . . . the Commonwealth had ample opportunity to bring this case to trial prior to March 17, 2023." 
      [7] Deciding as she did, the judge did not separately address the defendant's constitutional speedy trial claims.  The parties did not discuss them on appeal.  Accordingly, we do not consider them here.  
      [8] Effective March 1, 2025, rule 14 was amended.  See 495 Mass. 1501 (2025).  Although most of the rules on discovery sanctions remain unaffected, rule 14.2 (j) (1), which replaced rule 14 (c) (1) and (2), adds that a judge may issue sanctions "including but not limited to the exclusion of evidence, adverse jury instructions, dismissal of charges with or without prejudice, contempt proceedings, and other sanctions."  Id.  This rule was not in effect when the judge issued her decision, but, in any event, we discern no substantive change in this language; rather, we think it merely provides an illustrative list of sanctions to aid litigants and judges.  A dismissal with prejudice under rule 14 still requires a showing of irremediable harm.  See, e.g., Edwards, 491 Mass. at 11.
      [9] Pursuant to a Supreme Judicial Court order, certain time attributable to the COVID-19 pandemic is also excludable.  See Commonwealth v. Lougee, 485 Mass. 70, 77-78 (2020). 
      [10] If, on remand, the defendant presses his motion to dismiss pursuant to rule 36, the judge must consider the extent to which the defendant acquiesced in any delay after receiving the Commonwealth's DNA results and the report of its own DNA expert.  We note, for example, that the defendant did not merely acquiesce in or agree to the delay from November 25, 2022, to the March 20, 2023, trial date; rather, the defendant actually requested two continuances and the March trial date and then filed the motion to dismiss on the very date he had sought for trial.  See Dirico, 480 Mass. at 498-499 ("A defendant is held to have acquiesced in a delay if he or she agreed to a continuance or has not entered an objection to delay" [quotation and citation omitted]).